IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 6:05-cr-00015-2 |
| v. | MEMORANDUM OPINION |
| TERENCE DEVON SCOTT,<br>  *Defendant.* | JUDGE NORMAN K. MOON |

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
DEC 15 2011
JULIA C. DUDLEY, CLERK
BY: /s/
      DEPUTY CLERK

Once again, this matter comes before the Court, this time on a *pro se* motion for reconsideration (docket no. 162) filed by Terence Devon Scott ("Defendant") in which he asks the Court to reconsider its order denying, for the second time, his motion to reduce sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and Amendment 750 of the United States Sentencing Guidelines.

I begin with a brief synopsis of the relevant procedural background. On February 26, 2008, I entered judgment in Defendant's case and imposed a term of imprisonment of 180 months (docket no. 118). This term of incarceration consisted of 120 months on Count Two (distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841) and 60 months on Count Three (possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)), to be served consecutively. Defendant's 120 month sentence on the crack conviction represented the statutory minimum for his offense at the time of his conviction. *See* 21 U.S.C. § 841(b)(1)(A) (2006). Defendant originally filed a motion to reduce sentence on September 27, 2011 (docket no. 157). On October 17, 2011, I denied that motion (docket no. 159). Subsequently, Defendant filed substantially the same motion to reduce sentence on November 7,

2011 (docket no. 160). I construed that motion as a motion to reconsider the previous order denying his request for a sentence reduction. On November 17, 2011, I denied that motion as well (docket no. 161). In filing the motion for reconsideration presently before the Court, Defendant effectively seeks the sentence reduction I have twice denied him.

In his motion, Defendant submits that he is entitled to have his sentence on the crack offense reduced to a 60 month minimum, as opposed to 120 month minimum, because Amendment 750 was made retroactive.[1] Moreover, he asserts that I am obligated to do so. First, I note that under 18 U.S.C. § 3582(c)(2), a court *may* modify a defendant's term of imprisonment if it was "based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission." Therefore, it is within my discretion to grant an eligible defendant's motion for a sentence reduction, but by no means an obligation. Second, and more importantly, Defendant is not eligible for such a reduction. As a result, I am without authority to reduce his sentence.

Once I applied the mandatory minimum to Defendant at his sentencing, his otherwise applicable guideline range was displaced, and his sentence was no longer "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence reduction is not authorized under § 3582(c)(2) and is not consistent with the policy statement laid out in § 1B1.10 of the Sentencing Guidelines if an amendment, like Amendment 750, "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory

---

[1] Although 21 U.S.C. § 841(b)(1)(A)—the statute that prescribed Defendant's 120 month mandatory minimum sentence in 2008—has since been amended by the Fair Sentencing Act, those statutory amendments, as opposed to Amendment 750 to the Sentencing Guidelines, did not have retroactive effect. Consequently, the Fair Sentencing Act does not apply to offenders like Defendant who were sentenced before the Act's effective date. Defendant's 120 month sentence is the correct mandatory minimum, and, as applied to him, that minimum remains unaltered in the wake of the Fair Sentencing Act and Amendment 750.

mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 Application Note 1.(A) (Nov. 2011). When, as here, a defendant was not sentenced below the mandatory minimum—via the "safety valve," U.S.S.G. § 5C1.2, or a departure for substantial assistance, 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b); U.S.S.G. § 5K1.1—that statutory minimum serves as a floor, precluding a court from reducing the defendant's sentence irrespective of a guideline amendment's otherwise retroactive applicability. Therefore, Defendant remains ineligible for a sentence reduction under § 3582(c)(2).

For the reasons stated herein, Defendant's motion for reconsideration (docket no. 162) shall be denied.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the Defendant and all counsel of record.

Entered this 15th day of December, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

-3-

Case 6:05-cr-00015-NKM  Document 166  Filed 12/15/11  Page 3 of 3  Pageid#: 454